# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MACK TRANSOU v. DWIGHT BARBEE, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. CV6540   Joe H. Walker, III, Judge**

---

**No. W2012-00258-CCA-R3-HC  - Filed May 17, 2012**

---

The Petitioner, Mack Transou, appeals the Lauderdale County Circuit Court's dismissal of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Mack T. Transou, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Nicholas White Spangler, Assistant Attorney General for the Appellee, Dwight Barbee, Warden.

## MEMORANDUM OPINION

As this Court has previously noted, "[t]his case is procedurally complex, due in large part to the petitioner's numerous and varied pro se motions and pleadings in which he repeatedly raises the same claims." Mack Transau v. State, No. W2010-01313-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 247, at *1 (Tenn. Crim. App., at Jackson, Mar. 31, 2011), perm. to appeal denied (Tenn. June 1, 2011).  On March 22, 1999, the Petitioner pled guilty to driving after being declared a habitual motor vehicle offender.  He received a two-year sentence, which included ninety days of incarceration with the remainder to be served in Community Corrections.

As our supreme court noted:

During intake processing at the prison, Transou signed a consent form and submitted to a blood draw. A DNA analysis was performed and the results were submitted to CODIS. Transou's DNA profile was eventually matched to profiles developed from forensic evidence in two unsolved crimes: the reported rape of S.K. in December 2001 and the reported rape of C.T. in March 2002.

State v. Scarborough, 201 S.W.3d 607, 612 (Tenn. 2006). The Petitioner was convicted of aggravated burglary and rape arising from the December 2001 incident and rape and sexual battery arising from the March 2002 incident. These convictions were affirmed on appeal. See id.

The Petitioner then began filing numerous pleadings and motions in which he consistently maintained that his DNA profile was unlawfully obtained. See Mack Transou, 2001 Tenn. Crim. App. LEXIS 247, **1-6 (providing a review of the pleadings and motions). On July 15, 2005, the Petitioner filed his first petition for writ of habeas corpus relief in which he challenged his convictions arising from the December 2001 and March 2002 incidents and his two-year sentence for the conviction of driving after being declared a habitual motor vehicle offender. The Petitioner specifically challenged the revocation of the two-year sentence. He also maintained the actions of the Tennessee Department of Correction in obtaining the blood sample were illegal. The trial court dismissed the petition, and this Court affirmed the dismissal on appeal. See Mack Transou v. State, No. W2005-01935-CCA-R3-HC, 2006 Tenn. Crim. App. LEXIS 205 (Tenn. Crim. App., at Jackson, Mar. 7, 2006), perm. to appeal denied (Tenn. May 30, 2006).

On November 3, 2008, the Petitioner filed another petition for writ of habeas corpus in which he challenged the legality of the collection of his DNA. The trial court dismissed the petition, and this Court affirmed the dismissal on appeal. See Mack Transou v. State, No. W2008-02713-CCA-R3-CD, 2009 Tenn. Crim. App. LEXIS 537 (Tenn. Crim. App., at Jackson, July 9, 2009), perm. to appeal denied (Tenn. Oct. 26, 2009).

In January 2012, the Petitioner filed a third petition for writ of habeas corpus in which he contended "the judgments regarding the probation revocation proceedings occurring on the dates of July 29, 1999 and July 17, 2000 were illegal and void." He also maintained the State violated his constitutional rights by subjecting him to DNA testing when he was incarcerated following the revocation proceedings. The Petitioner acknowledged that the petition was his third "in which [he] concedes to raising issues similar to those as included herein."

On January 26, 2012, the trial court entered an order dismissing the petition. The trial court found that the Petitioner failed to attach a copy of the judgment causing restraint, that he did not show that his sentence was illegal, and that the issues raised have been previously determined. The Petitioner filed a timely notice of appeal.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman, 153 S.W.3d at 19-20; Archer, 851 S.W.2d at 165. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." Hickman, 153 S.W.3d at 21. The petition only includes a copy of the 1999 judgment for driving after being declared a habitual motor vehicle offender. Although the Petitioner challenges the judgment revoking his probation, he failed to attach copies of those judgments. See T.C.A. § 29-21-107(b)(2). The Petitioner also failed to state in his petition that "the legality of the restraint has not already been adjudged upon a prior proceeding of the same character." See id. at (b)(3). Rather, he acknowledged the issues raised were similar to those raised in prior proceedings. Finally, while the Petitioner acknowledged the petition was his third, he failed to attach copies of the previous petitions. See id. at (b)(4).

Not only has the Petitioner failed to follow the statutory procedural requirements for filing a petition for writ of habeas corpus, he has also failed to establish that he is entitled to relief. The Petitioner contends the collection of his DNA was improper and unconstitutional. However, this issue has previously been adjudicated and found to be without merit. See Scarborough, 201 S.W.3d at 625; Mack Transou, 2009 Tenn. Crim. App. LEXIS 537, at *8. Furthermore, the admissibility of DNA evidence is an issue that would render a judgment voidable, not void, and, therefore, may not constitute a ground for habeas corpus relief. Mack Transou, 2006 Tenn. Crim. App. LEXIS 205, at *9.

For the first time on appeal, the Petitioner contends his 1999 plea to driving after being declared a habitual motor vehicle offender was involuntary because he received ineffective assistance of counsel. This claim, however, is an improper ground for habeas corpus relief. See Archer, 851 S.W.2d at 161-62; Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). Moreover, the trial court properly declined to consider the petition for one seeking post-conviction relief. The petition was not filed in Madison County where the conviction occurred. See T.C.A. § 40-30-104(a). The petition was also filed outside the one-year statute of limitations, and the Petitioner failed to establish any reason for tolling the statute of limitations. See T.C.A. § 40-30-102(b); Burford v. State, 845 S.W.2d 204, 209 (Tenn. 1992). Thus, the Petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court

of Criminal Appeals.


_____
ALAN E. GLENN, JUDGE